# EXHIBIT 1



FILED
A.M. APR 1 4 2022 P.M.
/02/JJ
DEBBIE MOSS, CIRCUIT COURT CLERK
WILSON COUNTY, TN

IN THE CIRCUIT COURT OF WILSON COUNTY, TENNESSEE
AT LEBANON

| | |
|---|---|
| JEREMIAH STOTMEISTER )<br>Plaintiff )<br> )<br>v. )<br> )<br>ANDREW GESELL )<br>Defendant. ) | Docket No.: 2022-cv-180 |

## COMPLAINT

Comes the Plaintiff, Jeremiah Stotmeister, and files this civil action against the Defendant for damages. For cause he would show:

### I. PARTIES

1. Plaintiff Jeremiah Stotmeister is a citizen and resident of Hermitage, Davidson County, Tennessee, residing at 3960 Bell Road, Apartment 816, Hermitage 37076.

2. Upon information and belief, Defendant Andrew Gesell is a citizen and resident of Mt. Juliet, Wilson County, Tennessee, residing at 815 Plowson Road, Mt. Juliet 37122.

### II. JURISDICTION & VENUE

3. This is a lawsuit arising out of an incident that occurred in Mt. Juliet, Wilson County, Tennessee, on or about May 1, 2021. The tortious acts of Defendant as described herein took place in Wilson County, Tennessee. The venue is proper in Wilson County, pursuant to Tenn. Code Ann. §20-4-101(a). Additionally, this Court has jurisdiction over the subject matter of this case and over all parties pursuant to Tenn. Code Ann. § 16-10-101, Tenn. Code Ann. §20-2-201, and Tenn. Code Ann. §20-2-214, and other legal authorities.

### III. FACTUAL BACKGROUND

4. On May 1, 2021, Plaintiff Jeremiah Stotmeister and a number of friends were attending an engagement party in a neighborhood in Mt. Juliet, Tennessee.

5. One of the attendees of the party was the Defendant Andrew Gesell. Mr. Gesell, who lives in said neighborhood, had driven to the party in a golf cart he owned. At all times relevant to this incident that is the subject of this complaint, Mr. Gesell was in possession of and control of the subject golf cart.

6. At a point in time, a decision was made by Mr. Gesell, Mr. Stotmeister and two others to take the cart to another home in the neighborhood to see if that individual was at home. As the golf cart was a four-seater, Mr. Stotmeister appropriately took an available seat facing to the rear and fastened in with the available seat belt.

7. Based on his familiarity with Mr. Gesell, Mr. Stotmeister reasonably believed that the Defendant would be a safe and prudent driver.

8. When the cart accelerated, Mr. Stotmeister realized the cart was traveling rather fast for a golf cart. While en route to the destination home, for some inexplicable reason, Gesell started intentionally driving the cart erratically. He was jerking the wheel back and forth and driving too fast. Mr. Stotmeister was immediately in fear but had no ability to stop the cart or get out. Shortly after the erratic driving behavior began, Gesell attempted to take a curve while engaging in this reckless behavior. Unfortunately, Gesell's improper operation of the golf cart caused it to flip on its side.

9. Upon information and belief, and unbeknownst to Mr. Stotmeister at the time he consented to take a ride on the golf cart, Mr. Gesell had removed or altered the speed governor on the cart, enabling it to travel at an unsafe rate of speed.

10. As a result of the cart flipping, Mr. Stotmeister suffered serious injury including but not limited to a skull fracture resulting in the need for staples, a broken sternum, and fractured thoracic vertebrae.

11. Said incident and the concomitant injuries suffered by Mr. Stotmeister were a direct result of Mr. Gesell's careless, reckless, and negligent operation of the golf cart.

### IV. CAUSE OF ACTION – NEGLIGENCE

12. Defendant Gesell owed a duty to Mr. Stotmeister to operate the golf cart safely, reasonably, and prudently so as to protect and provide for the safety of Mr. Stotmeister and his other passengers.

13. Defendant Gesell breached the above stated duty.

14. Defendant Gesell negligent in the operation of the golf cart in that while operating the vehicle, he did the following:

   a. Negligently, carelessly, and without caution, drove the vehicle in such a manner as to cause injury;

   b. Failed to devote time and attention to the operation of the vehicle he was driving;

   c. Failed to use the degree of care and caution as was required under the existing circumstances and conditions to protect the safety of himself and others traveling in his golf cart;

   d. Failed to control the movement, momentum, or direction of travel of the vehicle he was operating, as it was his duty to do, so as to avoid causing injury to others;

   e. Failed to use the degree of care and skill that a reasonable and prudent person would have used under the same or similar circumstances.

15. Defendant Gesell was further negligent in the operation of the golf cart in that he removed a safety device designed to prevent incidents just like the one that occurred herein.

16. Defendant Gesell was negligent in that he failed to advise Mr. Stotmeister that he had removed the speed governor, thus denying Mr. Stotmeister the opportunity to make an informed decision about riding with him.

## V.  DAMAGES

17. The negligence of Defendant Andrew Gesell as described above was the proximate cause of the golf cart flipping incident described herein. As a direct and proximate result of the incident, Plaintiff Stotmeister suffered has incurred and will continue to incur doctor's bills, hospital bills, and other medical expenses and will continue to do so into the future. Further, as a result of his injuries, Mr. Stotmeister has suffered lost wages. As a further proximate result of Defendant's negligence, Mr. Stotmeister has endured much pain and suffering and continues to do so. This includes but is not limited to a loss of enjoyment of life. As a consequence of his injuries, Mr. Stotmeister, based on the duration of his symptoms, contends he has suffered a permanent impairment and disability.

## VI. RELIEF SOUGHT

WHEREFORE, the Plaintiff sues the Defendant and prays:

1. That proper process issue and be served upon the Defendant and he be required to answer the allegations of this Complaint.

2. That Plaintiff be awarded reasonable compensatory damages for bodily injuries, medical expenses, pain and suffering, loss of enjoyment of life, lost earnings and earning capacity, and other related expenses in an amount not to exceed $250,000.00.

3. That a jury of six be impaneled to try the issues of this cause.

4. That the Defendant pays all court costs, including discretionary costs of this cause.

5. For such other general and further relief to which the Plaintiff may be entitled.

Respectfully submitted,

/s/ David J. Weissman
David J. Weissman, BPR #025188
Raybin & Weissman, P.C.
Fifth Third Center, Suite 2120
424 Church Street
Nashville, Tennessee 37219
615.256.6666
615.254.4254, fax
dweissman@nashvilletnlaw.com